**MUNICIPAL GAS CO. v. ZACHRY.**

No. 20842. Opinion Filed Nov. 11, 1930.

Rehearing Denied Dec. 16, 1930.

G. E. Garner and Jno. W. Porter, for plaintiff in error.

C. E. McLees and Harry G. Davis, for defendant in error.

CLARK, J. This cause presents error from the district court of Muskogee county, wherein W. K. Zachrey was plaintiff and the Municipal Gas Company was defendant. For convenience, the parties will be referred to as they appeared in the trial court.

Plaintiff alleged in his petition that defendant entered into a contract of employment, and that he had been employed as attorney to represent defendant to perform certain services, for which defendant promised and agreed to pay plaintiff $1,250.

Defendant filed an answer to plaintiff's petition, which was a general denial, and further pleaded that no one with authority to bind defendant had contracted with plaintiff. The cause came on for trial and was tried to a jury and verdict rendered in favor of plaintiff in the sum of $1,250.

The cause was brought here for review and six errors were assigned. Plaintiff presents errors Nos. 1, 2, 3, and 4 together. During the course of the trial, plaintiff was required to elect whether he would stand on the purported contract alleged to have been made by him or to proceed upon quantum meruit. He elected to stand upon the contract. Having elected to stand on his contract, it is the contention of defendant that plaintiff failed to prove that such a contract was entered into by the proper person or persons in behalf of defendant.

Defendant contends that Mr. M. B. Morgan was president and manager of defendant company, and that one Mr. Egolf, who employed plaintiff, was merely a messenger, and that Mr. Egolf had no authority to employ plaintiff, and that the employment of plaintiff by Mr. Egolf, who was not the manager of defendant company with power to employ and could only act as messenger, was insufficient to bind defendant.

Plaintiff's contention was that Egolf was local manager and in charge of the affairs of the company, and as such local manager had authority to employ plaintiff. This was denied by defendant. This was a question of fact submitted to the jury under proper instructions of the court, and there is sufficient evidence to support the finding of the jury.

Assignments of error Nos. 5 and 6 are grouped together in the brief and argument. They assign as error two paragraphs of the instructions given by the court to the jury, in which it is contended that the instructions are erroneous and did not fairly state the law as applied to the facts in the case. An examination of the instructions and record will disclose that the instructions are applicable to the facts in the instant case. The instructions stated the law on the issues joined.

Plaintiff in error cites no authority in support of the contention that the instructions are erroneous. The record discloses that this was a law case tried to a jury and plaintiff's suit against the defendant was for services rendered. The issues were joined, and in a trial before a jury, plaintiff recovered judgment.

In a law case, where there is competent evidence supporting the verdict of the jury, the same will not be disturbed on appeal on the ground that the evidence was insufficient. The finding of the jury is binding on this court.

The jury is the sole, first and last trier of the facts where there is competent evidence supporting the verdict. They are the sole judges of the credibility of the witnesses and the weight and value to be accorded their testimony. The instructions stated the law in the case, and finding no error, the judgment of the trial court is affirmed.

MASON, C. J., and HUNT, RILEY, CULLISON, SWINDALL, and ANDREWS, JJ., concur. LESTER, V. C. J., and HEFNER, J., absent.